Case Nos. 2023-2321, 2023-2322

_____

UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT
_____

AMERICAN PACIFIC PLYWOOD, INC., U.S. GLOBAL FOREST, INC., LB WOOD CAMBODIA CO., LTD., CAMBODIAN HAPPY HOME WOOD PRODUCTS CO., LTD., INTERGLOBAL FOREST LLC,

                          Plaintiffs-Appellants,

v.

UNITED STATES, COALITION FOR FAIR TRADE IN HARDWOOD PLYWOOD,

                          Defendants-Appellees.

_____

Appeals from the United States Court of International Trade in
Nos: 1:20-cv-03914-MMB, 1:20-cv-03915-MMB,
1:20-cv-03916-MMB, Judge M. Miller Baker.
_____

**CONSENT MOTION TO VOLUNTARILY REMAND**

Pursuant to Federal Circuit Rule 27, defendant-appellee, the United States respectfully requests that the Court remand this case to the U.S. Court of International Trade, with instructions to remand to U.S. Customs and Border Protection (Customs) to reconsider or further explain its evasion determination in light of a recent decision issued by this Court in *Royal Brush Manufacturing, Inc. v. United States*, 75 F.4th 1250 (Fed. Cir. 2023) regarding access to confidential

business information during Enforce and Protect Act (EAPA) investigations under 19 U.S.C. § 1517. On November 9, 2023, via electronic mail, Gregory S. Menegaz, counsel for plaintiffs-appellants American Pacific Plywood, Inc., U.S. Global Forest, Inc., LB Wood Cambodia Co., Ltd., and Cambodian Happy Home Wood Products Co., Ltd., consented to this motion. On November 14, 2023, via electronic mail, Thomas H. Cadden and Richard Reincke, counsel for plaintiff-appellant InterGlobal Forest, LLC, conferred their client's consent to this motion. On November 14, 2023, via electronic mail, Timothy Brightbill, counsel for defendant-appellee Coalition for Fairtrade in Hardwood Plywood, consented to this motion.

## BACKGROUND

Plaintiffs-appellants filed an action with the Court of International Trade (CIT) seeking review of Customs' determination of evasion with respect to its imports of hardwood plywood. Specifically, with regards to the treatment of confidential business information during the underlying EAPA investigation, plaintiffs-appellants challenged Customs' withholding of unredacted confidential information, as violative of due process. The CIT rejected plaintiffs-appellants argument and held that plaintiffs-appellants failed to establish "any protected interest for due process purposes entitling them to any procedures other than what

Customs granted them." *American Pacific Plywood, Inc. et al. v. United States*, No. 1:20-CV-03914, 2023 WL 4288346 at *32 (Ct. Int'l Trade June 22, 2023).

The Court's recent opinion in *Royal Brush*, however, addressed the due process implications of Customs' reliance on confidential business information in making determinations of evasion. *See Royal Brush Manufacturing*, 75 F.4th at 1259. The Court held that there "is no legitimate government interest {} in refusing to provide confidential business information" that it relies upon in making a determination of evasion when any such "concerns about the necessity of secrecy can be alleviated by issuing a protective order{.}" *Id.* The Court further found that a failure to provide such confidential business information cannot be justified by the Trade Secrets Act, 18 U.S.C. § 1905, because during EAPA investigations "that release is required as a matter of constitutional due process{.}" *Id.* at 1260. Moreover, the Court noted that Customs has the "inherent authority to issue protective orders" and that there would be "no risk" to "narrowly releasing the information" to the plaintiffs. *Id.* at 1261.

Customs acknowledges its treatment of confidential business information during the underlying EAPA investigation was inconsistent with this Court's later holding in *Royal Brush*. Thus, Customs now requests that this Court remand the case to the trial court, with instructions to remand to Customs to provide access to any confidential business information relied upon by Customs pursuant to a

3

protective order. Customs intends to request that the Court of International Trade enter a protective order that would govern remand proceedings or otherwise extend the protective order in place during the litigation to the remand proceedings.

Granting our motion is particularly appropriate because a remand may allow Customs to "cure the very legal defects asserted by plaintiffs challenging federal action." *Citizens Against the Pellissippi Parkway v. Mineta*, 375 F.3d 412, 416 (6th Cir. 2004) (finding district court abused its discretion by not granting motion for voluntary remand for agency to address error alleged by plaintiff); *see also SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001) ("{I}f the agency's concern is substantial and legitimate, a remand is usually appropriate."). By requesting a voluntary remand, the United States does not waive any defenses regarding the decision at issue nor any arguments related to the merits of the issues before the Court. *See, e.g., Nippon Steel Corp. v. United States*, 345 F.3d 1379, 1381-82 (Fed. Cir. 2003) (holding that the CIT should have returned case on remand to agency for further consideration).

## **CONCLUSION**

For these reasons, we respectfully request that the Court remand this matter to the Court of International Trade with instructions to remand to Customs to reconsider or further explain its evasion determination in light of *Royal Brush Manufacturing, Inc. v. United States*, 75 F.4th 1250 (Fed. Cir. 2023) regarding the

treatment of confidential business information.

          Respectfully submitted,

          BRIAN M. BOYNTON
          Principal Deputy Assistant Attorney General

          PATRICIA M. McCARTHY
          Director

          /s/Justin R. Miller
          JUSTIN R. MILLER
          Attorney-In-Charge
          International Trade Field Office

          /s/Hardeep K. Josan
          Hardeep K. JOSAN
          Trial Attorney
          U.S. Department of Justice
          Civil Division
          Commercial Litigation Branch
          Department of Justice
          26 Federal Plaza, Suite 346
          New York, NY 10278
          Tel: (212) 264-9245

Dated: November 15, 2023        *Counsel to Defendant-Appellee*

# **CERTIFICATE OF COMPLIANCE**

This motion complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6) because it was prepared in Microsoft Word using 14-point Times New Roman font. This motion complies with the length limits of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 736 words as calculated by the word count in Microsoft Word.

/s/Hardeep K. Josan